UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

Eastern District of Kentucky
**FILED**
AUG 3 1 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

KAREEM K. WEBB,            )
                           )
   Petitioner,       )   Civil No. 0:18-075-HRW
                           )
v.                         )
                           )
J. C. STREEVAL, Warden,    )   **MEMORANDUM OPINION**
                           )   **AND ORDER**
   Respondent.       )

\*\*\* \*\*\* \*\*\* \*\*\*

Kareem K. Webb is a prisoner confined at the at the Federal Correctional Institution ("FCI")-Ashland in Ashland, Kentucky. Proceeding without a lawyer, Webb has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D.E. No. 1, 4] For the reasons set forth below, the Court will deny Webb's petition.

I.

In April 2009, a federal grand jury sitting in the United States District Court for the Western District of North Carolina issued an indictment charging Webb of the following: 1) one count of possession with intent to distribute a mixture and substance of a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count One); 2) one count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two); 3) one count of possession with intent to distribute at least five (5) grams of

1

cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count Three); and 4) a separate count of possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Four); and 5) one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Five). *United States v. Webb*, No. 5:09-cr-21-RLV-DCK (W.D.N.C. 2009) at D.E. No. 1. In September 2010, pursuant to a plea agreement with the United States, Webb pleaded guilty to Counts Three, Four, and Five. *Id.* at D.E. No. 13, 14. As part of Webb's plea agreement, he expressly waived his right to waive his conviction and/or sentence, as well as his right to collaterally attack his conviction and/or sentence in a post-conviction proceeding, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. *Id.* at D.E. No. 14 at p. 4; D.E. No. 29 at p. 12, 14.[1]

---

[1] Although Webb's plea agreement is sealed in his criminal case, *United States v. Webb*, No. 5:09-cr-21-RLV-DCK (W.D.N.C. 2009) at D.E. No. 13, Webb concedes the existence of the waiver in his § 2241 petition. [D.E. No. 1-1 at p. 7-9 (arguing that he should be permitted to proceed in this action, notwithstanding his plea waiver)]. Webb also confirmed the waiver of his right to challenge his conviction and/or sentence in a post-conviction proceeding at his Rule 11 plea hearing in front of the Magistrate Judge. *United States v. Webb*, No. 5:09-cr-21-RLV-DCK (W.D.N.C. 2009) at D.E. No. 14 at p. 4; D.E. No. 29 at p. 12, 14. The Court "may take judicial notice of proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969); see also Fed. R. Evid. 201(b)(2). Records on government websites are self-authenticating. Fed. R. Evid. 902(5).

In April 2010, Webb was sentenced to a term of imprisonment of 202 months on Count 3 and 120 months on Count 5, to be served concurrently, and 60 months on Count 4, to run consecutively to the terms imposed on Counts 3 and 5, for a total term of 262 months. *Id.* at D.E. No. 22. Webb appealed, challenging his designation as a career offender under the United States Sentencing Guidelines in light of the Fourth Circuit's en banc decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), which overruled the Fourth Circuit's prior decision in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005). However, his conviction and sentence were affirmed on appeal by the United States Court of Appeals for the Fourth Circuit, which specifically noted that, because of the waiver in Webb's plea agreement, his appeal was limited to a claim of ineffective assistance of counsel. *United States v. Webb*, 452 F. App'x 316, 317 (4th Cir. 2011). The Fourth Circuit found that, because *Harp* was the law of the Circuit at the time of Webb's conviction and sentence, even if counsel had objected, that objection would have been overruled because Webb satisfied the career offender requirement as stated under *Harp*. *Id.* at 318.

Although Webb then sought relief from his sentence via a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, again relying on *Simmons*, this motion was denied based on the waiver provision of his plea agreement. *Webb v. United States*, No. 5:12-cv-121-RLV (W.D.N.C. 2012) at D.E. No. 7.

Webb has now filed a § 2241 petition with this Court, again arguing that he was improperly sentenced as a "career offender" under U.S.S.G. § 4B1.1 because his prior North Carolina conviction for "breaking and entering" no longer qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a). [D.E. No. 1, 4] Although Webb refers to *United States v. Rodriguez*, 553 U.S. 377 (2008), *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), *Johnson v. United States*, 559 U.S. 133 (2010) and *United States v. Wheeler*, 886 F.3d 415 (4h Cir. 2018), the crux of his argument is that these cases are in line with *Simmons* and incompatible with *Harp*, thus the Fourth Circuit Court of Appeals erred in his appeal "because it insisted that *Harp* controlled Webb's case."[2] [D.E. No. 1-1 at p. 4-5] Webb invokes the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert this claim in a § 2241 petition.

II.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir.

---

[2] To clarify, despite Webb's characterization of the Fourth Circuit as "insist[ing] that *Harp* controlled [his] case," because of the waiver provision of Webb's plea agreement, the issue on appeal before the Fourth Circuit was limited to whether Webb's counsel was ineffective for failing to object to the application of *Harp* in determining whether or not Webb's prior conviction qualified as a felony for career offender purposes. *Webb*, 452 F. App'x at 317. Because *Harp* was controlling law at the time, the Fourth Circuit found that counsel was not ineffective. *Id*. at 318.

4

2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Webb's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and liberally construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Webb's petition must be denied because he knowingly and voluntarily waived his right to contest his sentence in a post-conviction proceeding in his plea agreement. Such waivers are enforceable and apply to proceedings under § 2241, including this one. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.")(citation omitted); *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001); *Solis-Caceres v. Sepanek*, No. 13-cv-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases).

Although Webb argues that he may still proceed in this petition, despite his waiver, pursuant to *Class v. United States*, 138 S.Ct. 798 (2018), *Class* held that a

5

guilty plea, by itself, does not bar "a federal criminal defendant from challenging the *constitutionality* of the statute of conviction on direct appeal." *Id.* at 803. Here, if Webb may challenge his sentence in this § 2241 proceeding at all, he may only do so by pointing to a retroactively applicable change in *statutory* law that establishes his "actual innocence." *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). Moreover, in *Class*, the Supreme Court emphasized that there was no express waiver of the right to appeal in the written plea agreement. *Class*, 138 S.Ct. at 807. This is not the case here, where Webb's plea agreement expressly waived the right to collaterally attack his sentence. Simply put, *Class* does not apply where, as here, a defendant expressly waives his right to collaterally attack his sentence in his plea agreement, then subsequently seeks to challenge his sentence in a habeas petition based on a change in statutory law.

Thus, as with his prior attempt to challenge his sentence in his first § 2255 petition, the waiver of Webb's right to contest his sentence in a post-conviction proceeding precludes his right to bring his claims in this § 2241 proceeding. "The subsequent developments in this area of the law 'do[] not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *Slusser*, 895 F.3d at 440 (citing *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)). Because Webb waived the right to bring this § 2241 petition in his plea agreement, his petition must be denied.

However, even absent Webb's waiver, his § 2241 petition would still be denied as an impermissible collateral attack on his sentence. A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a federal prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review

..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Here, Webb does not satisfy the first criteria in *Hill* because he was sentenced in 2010, long after *Booker* was decided. Thus, *Hill* is inapplicable to Webb's case. *See Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) ("Arroyo was sentenced in October 2006, after the Supreme Court's decision in *Booker* . . . . On

this basis alone, Arroyo's claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence."). Thus, even absent Webb's waiver of his right to contest his sentence in a post-conviction proceeding in his plea agreement, he is not entitled to relief.

Accordingly, it is **ORDERED** that:

1. Webb's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1, 4] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 31st day of August, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge